UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK FULTZ, | § | |
| | § | |
|     *Plaintiffs*, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-CV-03367-X |
| | § | |
| RHP HOSPITALITY GT LP, | § | |
| | § | |
|     *Defendant*. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

On November 11, 2020, Mark Fultz brought this action against RHP Hospitality GT LP for alleged violations of the Americans with Disabilities Act.

The Northern District of Texas is a proper venue.[1] But this Court has multiple divisions, and the Fort Worth Division—not the Dallas Division—is the superior division for this case. Barring any objections, the Court **TRANSFERS** this case to the United States District Court for the Northern District of Texas in the Fort Worth Division. The Court **GRANTS LEAVE** to the parties to file briefing stating their objections, if any, by November 26, 2020. In the meantime, the Court **ORDERS** plaintiff's counsel-of-record to appoint local counsel, in accordance with Local Rule 83.10, by November 26, 2020.[2]

---

[1] The defendant's property is located within the Northern District of Texas. Venue is proper in "a judicial district in which . . . a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1131(b)(2). Because the Gaylord Texan Resort & Convention Center is located in the Northern District of Texas, venue is proper.

[2] *See* N.D. Tex. LR 83.10(a) ("Unless exempted by LR 83.11, local counsel is required in all cases where an attorney appearing in a case does not reside or maintain the attorney's principal office in this district. 'Local counsel' means a member of the bar of this court who resides or maintains the

I.

Title 28, Section 1404 of the United States Code authorizes a district court to *sua sponte* "transfer any civil action to any other district or division where it might have been brought" for "the convenience of parties and witnesses, in the interest of justice[.]"[3] This statute codifies "the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system."[4] "In cases where there is no forum-selection clause, district courts 'must evaluate both the convenience of the parties and various public-interest considerations.'"[5] District courts analyze Section 1404(a) transfers with private- and public-interest factors:

> Factors relating to the parties' private interests include "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." Public-interest factors may include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." The Court must also give some weight to the plaintiffs' choice of forum.[6]

---

attorney's principal office in this district and whose residence or principal office is located within 50 miles of the courthouse in the division in which the case is pending.").

[3] 28 U.S.C. § 1404(a); *see also Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 761 (5th Cir. 1989) ("Such transfers may be made *sua sponte*." (citing *Jarvis Christian Coll. v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988))).

[4] *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. D. of Tex.*, 571 U.S. 49, 60 (2013).

[5] *DSA Promotions, LLC v. Vonage Am., Inc.*, 2018 WL 1071278, at *2 (N.D. Tex. Feb. 27, 2018) (Fitzwater, J.) (quoting *Atl. Marine*, 571 U.S. at 62).

[6] *Atl. Marine*, 571 U.S. at 62, n. 6 (internal citations omitted).

Decisions to "effect 1404 transfers are committed to the sound discretion of the transferring judge, and review of a transfer is limited to abuse of that discretion."[7]

## II.

The Court believes that private- and public-interest factors weigh in favor of transferring this case to the Fort Worth Division.

### A.

The Court first considers private-interest factors. First, the plaintiff resides in Broward County, Florida. Although courts afford some deference to a plaintiff's choice of forum, the weight to be accorded "the plaintiff's choice of forum is diminished, however, where she brings suit outside her home forum."[8] Here, the plaintiff does not reside in the Dallas Division of this Court. The defendant's property, the Gaylord Texan Resort & Convention Center, which is the subject of this action, is located in Tarrant County, Texas. Therefore, a transfer to the Fort Worth best serves the parties.

### B.

The Court also considers public-interest factors. First, the Dallas Division's civil docket is busier than the Fort Worth Division's civil docket. A transfer helps ensure the case's expeditious resolution. Second, because Tarrant County is where

---

[7] *Mills*, 886 F.2d at 761 (quoting *Jarvis Christian Coll.*, 845 F.2d at 528).

[8] *Sivertson v. Clinton*, 2011 WL 4100958 at *3 (N.D. Tex. Sept. 14, 2011) (Fitzwater, C.J.) (citing *Santellano v. City of Goldthwaite*, 2011 WL 1429080, at *2 (N.D. Tex. Apr. 14, 2011) (Fitzwater, C.J.).

the defendant's property is located, it is in the public's interest for this controversy to be resolved locally. So, a transfer is in the interest of justice.

III.

For these reasons, barring any objections, the Court **TRANSFERS** this case to the United States District Court for the Northern District of Texas in the Fort Worth Division. The Court **GRANTS LEAVE** to the parties to file briefing providing their objections, if any, by November 26, 2020. In the meantime, the Court **ORDERS** plaintiffs' counsel-of-record to appoint local counsel, in accordance with Local Rule 83.10, by November 26, 2020.

**IT IS SO ORDERED** this 12th day of November 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE